## Abstracts of Last Week's SUPREME COURT OPINIONS

A copy of the Supreme Court opinions, or any part thereof in the' following cases of which the syllabi appear below, will be promptly furnished to Abstract subscribers at cost of preparing.

### No. 245

No. 19180—Ed List v. Burley Tobacco Growers Co-operative Assn. Error to the Court of Appeals of Brown county.

313. CORPORATIONS—1. Foreign Corporation for special purpose may engage in business in Ohio, upon registration, if Ohio Statutes (1104) permit incorporation for same purpose.

2. Acts in Ohio, performed before registration, not void.

3. A Tobacco grower's co-operative association not a trust (1197) in restraint of trade.

4. Contracts (297) made by such association (109) not illegal.

MARSHALL, C. J.

1. Where the laws of the state authorize corporations to be formed for the purpose of carrying on a certain prescribed business, corporations organized under the laws of other states for similar purposes may by virtue of the same authority operate within this state, upon compliance with the provisions relative to registration of foreign corporations.

2. Acts of such foreign corporation within this state prior to registration within the limitations permitted by the laws of this state are not void.

3. A tobacco grower's co-operative association organized under the Bingham Co-operating Act of Kentucky, while engaged in carrying out the purposes of that act, is not a trust in restraint of trade, and a contract made between such association and a grower of tobacco is not void as against public policy or in violation of the anti-trust laws of the state of Ohio.

4. Contracts in restraint of trade are not illegal except when unreasonable in character. When such contracts are incident and ancillary to some lawful business and are not unreasonable in scope and operation they are not illegal.

Judgment affirmed.

Matthias, Day, Allen and Robinson, JJ., concur. Jones, J., concurs in the judgment. Kinkade, J., dissents.

### No. 246

No. 19215—Mattie Lust v. The Farmers Bank and Savings Company, a Corporation. Error to Meigs Appeals.

27. APPEALS—Where an answer (923) in action to recover possession of real estate (997) sets up ownership, and requests quitting of title and cross demands over which chancery (460) has jurisdiction, the issues make a cause which is appealable.

DAY, J.

Where in an action for the recovery of the possession of real estate, an answer is filed which contains a general denial, putting in issue all the claims of the plaintiff, and by a second and third defense the defendant averring ownership and possession seeks affirmative relief by setting up cross-demands, "constituting a cause of action in itself on which a separate action might have been maintained," to wit, quieting title of the disputed tract, such answer is not to be construed merely as defensive to the allegations of the petition, and such cross-demands relating to a subject-matter over which chancery has jurisdiction, the issues, tendered by such cross-demands and the reply of the plaintiff thereto, make a cause of action that is appealable.

Judgment reversed.

Marshall, CJ., Jones, Matthias, Allen, Kinkade and Robinson, JJ., concur.

### No. 247

No. 19235—The Cincinnati Traction Co. v. Stanley C. Kroger. Error to the Court of Appeals of Cuyahoga County.

225. CHARGE OF COURT—1. Provisions of 11447 GC., respecting giving instructions to jury (693) before argument in civil cases, are mandatory.

2. Where the issue in a damage suit for negligence (829) is made by way of general denial and also by averments of (923) contributory negligence, trial court should submit such issues to jury if evidence offered raises inference of such negligence.

MATTHIAS, J.

1. The provisions of Section 11447, General Code, respecting giving instructions to the jury before argument in civil cases, are mandatory.

2. In the trial for an action for damages for negligence wherein issue is made by general denial and also by averments of negligence of plaintiff which caused or contributed to cause the injury, it is the duty of the trial court to submit such issues to the jury if evidence has been adduced from which an inference of such negligence of the plaintiff may reasonably be drawn.

Judgment reversed.

Marshall, CJ., Jones, Day, Allen, Kinkade and Robinson, JJ., concur.

### No. 248

No. 19305—Frank Marcoguiseppe v State of Ohio. Error to the Court of Appeals of Cuyahoga county.

225. CHARGE TO JURY—Where self defense is pleaded it is error for the trial judge to charge that the evidence (480) adduced must be, that the defendant was actually in danger of his life and not that he thought that he so was.

841. NEW TRIAL—Where both defendants are jointly indicted (629) and both guilty; and part of evidence not applicable to both, it is not error as matter of law to grant motion for a new trial as to one, and not to the other.

MARSHALL, C.J.

1. On trial of an indictment for assault with intent to kill or assault with intent to wound, where the accused pleads justification on the ground of self-defense and evidence is adduced by the accused tending to support that defense, it is error for the trial court to

instruct the jury that the danger which the accused is urging in support of his plea of self-defense must be actual and that it is not enough that the accused honestly believed that he was in imminent danger.

2. In the trial of two defendants jointly indicted, where all the evidence is not equally applicable to both defendants and where there is a joint verdict of guilty as to both defendants, it is not error as a matter of law to sustain a motion for a new trial as to one and overrule it as to the other.

Judgment reversed.

Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.